UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOMMIE MAXWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-00803-JPH-MJD |
| ANTHONY STOUT Officer, JAMES BLYTHE Sergeant, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING PLAINTIFF'S MOTIONS**

Plaintiff Tommie Maxwell has filed motions to reconsider and for court assistance, both arguing that the Court should allow Mr. Maxwell to respond to defendants' already granted summary judgment motion because he never received it. Dkt. [36]; dkt. [37]. Since final judgment has been entered in favor of defendants, the Court construes these as motions for relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIES** the motions.

## I.
## Facts and Background

Defendants moved for summary judgment on February 10, 2023. Dkt. 25. Mr. Maxwell did not respond. On August 3, 2023, the Court granted summary judgment in favor of Defendants on qualified immunity grounds and entered final judgment. Dkt. 34, 35.

Two weeks later, Mr. Maxwell filed a motion to reconsider and a motion for court assistance, arguing that he never received Defendants' summary judgment motion and that he has a legal right to respond. Dkt. 36, 37.

1

Mr. Maxwell has moved between prisons during this case. When Mr. Maxwell filed the complaint he was in Marion County, Indiana. Dkt. 1-1 at 6. Then in January 2023, he filed a notice that he would be going to the Diagnostic Reception Center in Plainfield, IN, before being transferred to another prison. Dkt. 24-1 at 1. In March 2023, he filed a change of address to a facility in Michigan City, IN. Dkt. 32.

Defendants sent their motion for summary judgment and supporting materials to the Marion County Jail when they filed them on February 10, 2023. Dkt. 26. Then, after receiving a letter from Mr. Maxwell providing the Plainfield facility as his new address, defendants served the summary judgment motion and materials there on February 13, 2023. Dkt. 30; Dkt. 38 at 2. The mailings were not returned. Dkt. 38 at 2.

## II.
## Applicable Law

Mr. Maxwell's motion does not identify the applicable Federal Rule of Civil Procedure. There are two possibilities—Rule 60(b) or Rule 59(e). Rule 60(b) offers relief from judgment for things like "mistake" or "excusable neglect." Rule 59(e) handles motions to "alter or amend a judgment." Courts look at the "substance, rather than the form" in deciding which of the two applies. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Rule 59(e) motions are granted when there "exists a manifest error of law or fact so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures." *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir. 1999) (internal citations omitted). Mr. Maxwell is not seeking to correct an error of

2

law or fact but instead is asking the Court to excuse his failure to respond to respond to an already granted dispositive motion. "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including . . . excusable neglect." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *see Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) (discussing the meaning of excusable neglect in the context of Federal Rule of Appellate Procedure 4(a)(5) and noting that it refers to the missing of a deadline as a result of such things as . . . lost mail). Therefore, this motion is construed as a Rule 60(b) motion for relief from a final judgment. Relief under Rule 60(b) is an "extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011).

### III.
### Analysis

Mr. Maxwell argues that this case should be reopened because he didn't receive Defendants' motion for summary judgment. Dkt. 37 at 1-2. Defendants say they mailed the motion to Mr. Maxwell. Moreover, he was aware of the March 10, 2023 dispositive motion deadline. Dkt. 38 at 2.

Even if Mr. Maxwell did not receive the motion in the mail, there is no excusable neglect here. Defendants filed their summary judgment motion on February 10, 2023. Dkt. 25. This motion remained pending until August 3, 2023, dkt. 34, giving Mr. Maxwell nearly six months to realize that Defendants had moved for summary judgment and file a response. Moreover, the Court's July 2022 case management plan set a dispositive motion deadline of March 10, 2023, giving Mr. Maxwell notice of when a summary judgment motion

3

might be filed.  Dkt. 15.  It is Mr. Maxwell's responsibility to manage his case and "is well established that carelessness or a lack of due care on the part of a litigant . . . does not provide a basis for relief under Rule 60(b)."  *McLaughlin v. Jung*, 859 F.2d 1310, 1312 (7th Cir. 1988).

     The Seventh Circuit has affirmed the denial of a motion for reconsideration under Rule 60(b) in a similar case. *Shaffer v. Lashbrook*, 962 F.3d 313 (7th Cir. 2020).  There, the plaintiff stopped litigating his case when he was released on parole.  *Id.* at 314.  After five months, the defendants moved to dismiss; the court granted the motion a month later.  *Id.*  The next month, the plaintiff filed a change of address after returning to prison.  *Id.* at 314–15.  The court denied this as moot, so plaintiff moved for reconsideration under Rule 60(b).  *Id.* at 315.  Despite plaintiff's arguments that mail he sent was lost and mail he should've received was not forwarded to him, the Seventh Circuit affirmed because he "failed to explain his lack of participation in the case for seven months."  *Id.* at 317.  "[L]ike all litigants, he was responsible for monitoring the status of the case by periodically checking the court's docket."  *Id.*

     *Shaffer* forecloses the possibility of any relief for Mr. Maxwell.  "That a litigant did not receive notice because he failed—for more than half a year—to track an active case is not 'excusable neglect' under Rule 60(b)(1), nor does it warrant relief under any other provision of Rule 60(b)."  *Id.*  Mr. Maxwell cannot ask for a post-final judgment do-over after letting this case languish for nearly six months as the dispositive motion deadline passed and defendants'

4

summary judgment motion sat pending. This does not constitute excusable neglect under Rule 60(b). Mr. Maxwell's motions to reconsider, Dkt. [36], and for court assistance, Dkt. [37], are **DENIED.**

**SO ORDERED.**

Date: 10/23/2023

                                                  James Patrick Hanlon
United States District Judge
Distribution:                          Southern District of Indiana

TOMMIE MAXWELL
963489
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

All electronically registered counsel.